# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH NEBROSKIE, *et al.*, | : | CIVIL NO.: 3:19-CV-00705 |
| Plaintiffs, | : | |
| v. | : | (Chief Magistrate Judge Schwab) |
| AMERILINE TRUCKING INCORPORATED *et al.*, | : | |
| Defendants. | : | |

## **MEMORANDUM**

**I. Introduction.**

This case, which arises from an alleged breach of an agreement for the purchase of a long-haul tractor-trailer, is currently in the discovery phase of litigation. As part of the discovery process, counsel for the defendants wrote a letter to the court regarding the plaintiffs' alleged failure to respond to the defendants' discovery requests. We issued numerous orders for the plaintiffs to respond to that letter, none of which elicited any response from the plaintiffs. Given the plaintiffs' failure to respond, we issued an order for the plaintiffs to show cause as to why the case should not be dismissed for their failure to abide by court orders and failure to respond to the defendants' letter. The plaintiffs have not responded to the order to show cause. Accordingly, this case will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**II. Background and Procedural History.**

The plaintiffs, Joseph Nebroskie ("Nebroskie") and HSF Transportation LLC ("HSF"), initiated this case by filing a complaint on March 13, 2018 in the United States District Court for the Eastern District of Pennsylvania. *Doc. 1*. The complaint names as defendants Ameriline Trucking Incorporated ("Ameriline"), Igor Yusupov ("Yusupov"), and Halyna Zabronska ("Zabronska"). *Id.* at 1. According to the complaint,[1] Nebroskie responded to a Craislist posting in 2016 advertising the sale of a tractor-trailer. *Id.* ¶¶ 23–24. Following from that initial contact, Nebroskie agreed to purchase the truck from Ameriline through a lease-to-own purchase agreement. *Id.* ¶¶ 24–27. Nebroskie took possession of the truck in August 2016 and subsequently made all required payments. *Id.* ¶¶ 35–42. Nebroskie then requested that title to the truck be turned over to him. *Id.* ¶ 43. Instead of turning over title to the truck, however, the defendants reported the truck stolen and had Nebroskie arrested. *Id.* ¶¶ 46–53.

On April 26, 2019, the case was transferred from the Eastern District to this district on motion from the defendants. *See doc. 32*. Following the transfer, the defendants filed an answer to the complaint on May 17, 2019. *Doc. 34*. The parties subsequently consented to the jurisdiction of a United States Magistrate

---

[1] The defendants contest many of the factual allegations in the complaint. *See generally doc. 34*.

Judge, and the case was reassigned to the undersigned. *Doc. 40*. We conducted a case management conference with the parties and issued a case management order to govern the discovery process. *See doc. 43*.

On September 20, 2019, counsel for the defendants wrote a letter to the court stating that the defendants had made numerous requests for discovery from the plaintiffs and that the plaintiffs had repeatedly failed to respond to those requests. *Doc. 44*. The defendants requested a telephonic status conference with the court to discuss the plaintiffs' failure to respond. *Id.* On September 24, 2019, we issued an order requiring the plaintiffs to respond to the defendants' letter on or before October 7, 2019. *Doc. 45*. Having not received a response from the plaintiffs, we issued a second order on October 16, 2019 requiring the plaintiffs to respond on or before October 22, 2019. *Doc. 46*. The plaintiffs again failed to respond to the defendants' letter, so we issued a third order on October 23, 2019 requiring the plaintiffs to show cause on or before October 30, 2019 for their failure to abide by court orders and failure to respond to the defendants' letter. *Doc. 47*. When the plaintiffs still did not respond, the defendants filed a letter requesting that this case be dismissed, or, alternatively, that the court impose sanctions on the plaintiffs for their continued failure to respond. *Doc. 48*. On November 1, 2019, we issued an order requiring the plaintiffs to show cause on or before November 15, 2019 as to why the case should not be dismissed for their failure to prosecute their case and

failure to abide by court orders. *Doc. 49*. To date, the plaintiffs have not responded to that order, nor have they responded to any of the previous three court orders or the defendants' letter.

**III. Discussion.**

If a plaintiff fails to prosecute a case or to comply with court rules or court orders, the court may dismiss the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. "'[D]ismissals with prejudice or defaults are drastic sanctions' that 'must be a sanction of last, not first, resort.'" *Hildebrand v. Allegheny Cty.*, 923 F.3d 128, 132 (3d Cir. 2019) (quoting *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867, 869 (3d Cir. 1984)). Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the district court and will not be disturbed absent an abuse of that discretion. *Id.* (citing *Briscoe v. Klaus*, 538 F.3d 252, 257 (3d Cir. 2008)). But that discretion, while broad, is governed by the following factors, commonly referred to as *Poulis* factors, which the court must balance in deciding whether to dismiss a case:

> (1) the extent of the *party*'s personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith;* (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

4

*Poulis*, 747 F.2d at 868 (emphases in original). No single factor is dispositive, *Briscoe*, 538 F.3d at 263, and each factor need not be satisfied for the court to dismiss an action, *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221 (3d Cir. 2003). In this case, an assessment of the *Poulis* factors weighs in favor of dismissal.

The first *Poulis* factor is the extent of the party's personal responsibility. While the failure to respond is largely the responsibility of the plaintiffs' counsel rather than the plaintiffs themselves, "[a] party may suffer dismissal justly because of its counsel's conduct." *Cox v. UPS*, No. 15-CV-02013, 2017 WL 3189022, at *4 (M.D. Pa. July 26, 2017) (citing *Adams v. Trs. of the N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 873 (3d Cir. 1994)). "Plaintiff here 'voluntarily chose this attorney as his representative in the action and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.'" *Id.* (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 633–34 (1962)). Even if plaintiffs bear no responsibility for the actions of their attorneys, such "lack of responsibility for their counsel's dilatory conduct is not dispositive, because a client cannot always avoid the consequences of the acts or omissions of its counsel." *Wallace ex rel. Wallace v. Novartis Pharm. Corp.*, 984 F. Supp. 2d

5

377, 386 (M.D. Pa. 2013) (quoting *Poulis*, 747 F.2d at 868). Nevertheless, given that the failure to respond to the defendants' letter and failure to abide by court orders is largely the responsibility of plaintiffs' counsel, we find that the first *Poulis* factor does not weigh heavily in favor of dismissal.

The second *Poulis* factor is prejudice to the adversary. Relevant examples of prejudice include 'the irretrievable loss of evidence and the inevitable dimming of witnesses' memories." *Hildebrand*, 923 F.3d at 134 (alterations omitted) (quoting *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984)). "The bar is not so high that a party needs to show 'irremediable harm' for the prejudice to weigh in favor of dismissal." *Id.* (quoting *Ware*, 322 F.3d at 222). In this case, the plaintiffs' failure to respond to court orders and failure to litigate their case frustrates and delays resolution of his action, and such failure can be seen to prejudice the defendants, who seek a timely resolution of the case.

The third *Poulis* factor is a history of dilatoriness. "Extensive or repeated delay or delinquency constitutes a history of dilatoriness." *Id.* at 135 (alterations omitted) (quoting *Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994)). "Normally, 'conduct that occurs one or two times is insufficient to demonstrate a history of dilatoriness.'" *Id.* (quoting *Briscoe*, 538 F.3d at 261). "[A] party's problematic acts must be evaluated in light of [the party's] behavior over the life of the case." *Adams*, 29 F.3d at 875. In this case,

the plaintiffs have a history of dilatoriness. The plaintiffs have failed to respond to the defendants' discovery requests for over four months. *See doc. 44* at 1 (representing that the defendants first made discovery requests on July 1, 2019). They have also failed to respond to a letter from the defendants despite numerous court orders to do so and have failed to abide by four separate court orders.

The fourth *Poulis* factor is whether the conduct was willful or in bad faith. "Wilfulness involves intentional or self-serving behavior." *Hildebrand*, 923 F.3d at 135 (quoting *Adams*, 29 F.3d at 875). "In evaluating this factor, a court should look for 'the type of willful or contumacious behavior' that can be characterized as 'flagrant bad faith. . . .'" *Id.* (quoting *Scarborough*, 747 F.2d at 875). Here, there is no reason to believe that the plaintiffs are acting in bad faith in failing to respond to the defendants' letter or the court's orders, but the plaintiffs' continued failure to abide by court orders leads to an inference of willful inactivity. The plaintiffs cannot escape such a finding merely because the willful inactivity was done through their counsel. *See Wallace*, 984 F. Supp. 2d at 389 (finding willful action where plaintiffs' counsel failed to diligently conduct litigation).

The fifth *Poulis* factor is the effectiveness of alternative sanctions. "A district court must consider alternative sanctions before dismissing a case with prejudice." *Id.* at 136 (citing *Briscoe*, 538 F.3d at 262). "[D]istrict courts should be reluctant to deprive a plaintiff of the right to have his claim adjudicated on the

7

merits." *Id.* (quoting *Adams*, 29 F.3d at 876). "Dismissal must be a sanction of last, not first, resort." *Id.* (quoting *Adams*, 29 F.3d at 878). Here, the court has repeatedly ordered the plaintiffs to take action and has twice ordered the plaintiffs to show cause for their failure to act. We accordingly conclude that less drastic sanctions than dismissal are inadequate because the plaintiffs' conduct "has burdened the Court, strained scarce court resources, delayed disposition of this case, and prejudiced Defendant." *Wallace*, 984 F. Supp. 2d at 389 (quoting *In re Aredia & Zometa Prods. Liab. Litig. (Spiese)*, No. 3:06-MD-01760, 2013 WL 2317743, at *6 (M.D. Tenn. May 28, 2013)).

The sixth *Poulis* factor is the meritoriousness of the claim. Since this case is still in the discovery phase of litigation, we cannot fully determine whether the plaintiffs' claims have merit. This factor is therefore neutral. In sum, given our findings that the second, third, fourth, and fifth *Poulis* factors weigh in favor dismissal and that the first and sixth *Poulis* factors are at best neutral, we find that the *Poulis* factors weigh in favor of dismissal.

**IV. Conclusion.**

For the foregoing reasons, we will dismiss this action with prejudice under Federal Rule of Civil Procedure 41(b). An appropriate implementing order follows.

*S/Susan E. Schwab*
Susan E. Schwab
Chief United States Magistrate Judge